grant a discharge to the bankrupt for the failure to obey the order for examination: and inasmuch as the chief motive of the debtor who files his petition in bankruptcy is to obtain a discharge from his present indebtedness, he will ordinarily conform to all the orders made by the court. It is intimated by the bankrupt's counsel that he has no disposition to evade an examination, and is willing to submit to one; but residing at present in the city of Chicago, he cannot without great pecuniary loss return to this district for that purpose. Should the assignee desire his examination in Chicago, I will modify the original order, and designate a register before whom it may be taken. The motion, however, to declare the bankrupt in contempt, and for an attachment and warrant of arrest, is denied.

HODGES (CORCORAN v.). See Case No. 3,228.

HODGES (EASTON v.). See Case No. 4,258.

HODGES (JONES v.). See Case No. 7,469.

HODGES (UNITED STATES v.). See Case No. 15,374.

HODGKIN v. The HIGHLANDER. See Case No. 6,476.

HODGKIN (UNITED STATES v.). See Case No. 15,375.

## Case No. 6,563.

### HODGSON v. BUTTS.

[1 Cranch, C. C. 447.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

#### WITNESS—SUBPOENA—ATTACHMENT.

The court will grant a rule on a witness residing in Baltimore, to show cause why he should not be attached for not attending according to summons.

The deposition of James Hamilton had been taken de bene esse, by the defendant with notice, and the plaintiff's attorney appeared under protest, that is, reserving all objections, &c., and cross-examined the witness; the defendant had a subpoena served on Hamilton, who resides in Baltimore, and who by letter acknowledged service, but stated that he was a clerk in the collector's office and could not attend without detriment to the public.

The defendant's counsel, Mr. Jones, prayed for a continuance unless the plaintiff would permit the deposition to be read in evidence.

THE COURT (DUCKETT, Circuit Judge, absent) continued the cause and directed a rule on the witness to show cause on Saturday, the 12th instant, why an attachment of contempt should not issue against him for not obeying the summons.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 6,564.

### HODGSON v. BUTTS.

[1 Cranch, C. C. 488.] [1]

Circuit Court, District of Columbia. July Term, 1808.

#### PAYMENT UNDER MISTAKE—REIMBURSEMENT.

The purchaser of a vessel, who has paid the expenses and disbursements of a previous voyage upon the order of the master, cannot recover them from the master, although he paid them under a mistaken expectation that he was to be reimbursed out of the freight.

Assumpsit to recover the expenses and disbursements of the schooner Mississippi, which the plaintiff (who was the owner, by virtue of an absolute bill of sale made by R. & J. Hamilton to him, after the end of the voyage,) had paid on the orders of the defendant, who had been master of the schooner during the voyage, and who had received the freight, and applied it according to the directions of the former owners, R. & J. Hamilton.

Mr. Jones, for defendant, prayed the court to instruct the jury, in effect, that the defendant was not liable, although the plaintiff had paid those expenses and disbursements, under a mistaken expectation that he was to be reimbursed out of the freight which the vessel had earned, whether he paid them before or after he obtained possession of the vessel.

The defendant, the master, was not liable to the seamen for their wages, unless he had shipped them, and had personally made agreement with them. But if he had paid them, he would have a lien on the vessel therefor, which would have followed the vessel into the hands of the plaintiff, so that he could not have obtained a clear title until he had refunded them. Abb. Shipp. 106.

Mr. Swann and E. J. Lee, for plaintiff, prayed the court to instruct the jury, in effect, that if the plaintiff was not the owner of the vessel, and the orders were drawn up on the personal credit of the defendant; or, if at the time of drawing it was understood by the plaintiff and defendant, that the plaintiff was to be reimbursed out of the freight already earned, the defendant is liable.

THE COURT (DUCKETT, Circuit Judge, absent) gave the instruction prayed by Mr. Jones, and refused to give that prayed by Mr. Swann and Mr. Lee, because the evidence did not justify an inference by the jury, that the plaintiff was not the owner of the vessel at the time of paying the defendant's drafts, nor that the orders were drawn on the personal credit of the defendant; nor that there was any understanding by the plaintiff and defendant that the plaintiff was to be reimbursed out of the freight.

[1] [Reported by Hon. William Cranch, Chief Judge.]